(118 App. Div. 914)

### BARRON v. LANCE.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

ACCOUNT—ACTION ON—SUFFICIENCY OF EVIDENCE.

Evidence in an action on a merchant's account *held* sufficient to authorize a finding for plaintiff.

Appeal from Judgment on Report of Referee.

Action by John J. Barron, administrator, against Leonard A. Lance. From a judgment for defendant on the report of a referee, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John Conboy, for appellant.
George S. McCartin, for respondent.

SPRING, J.   The action is upon a merchant's account, commenced by the administrator of Mary E. A. Clark, deceased, who for years carried on a small country store at Point Peninsula, in Jefferson county. The defendant purchased goods on credit of Miss Clark, and the administrator claims the books now show on this account a balance of $207.95.

The books were received in evidence, although there was considerable testimony pro and con over the question whether Miss Clark kept honest accounts.   We are satisfied that there is something unpaid on this account.   It commenced back in 1890, and was carried along on the daybook until it amounted to $109.07 in April, 1894.   A new pass book was then commenced, and this sum was not carried forward on the new book.   On the ledger it was not brought forward, but a new account was commenced.   In March, 1896, the old account was added in on the ledger, and the balance then due was given as $158.14.   The separate items for the ensuing year to April, 1897, are set out on the ledger, and all the charges are then grouped, and the balance carried along.

The defendant impugned only one of these charges against him, and that is a barrel of salt at $1.25.   The items are given, along with the date, for each charge, and apparently the account was carefully kept.   Every payment to which the defendant testified, except one, is found among the credits.   The defendant testified that he paid to the father of the intestate $20 to apply on this account, the date of which he was unable to state, and no credit for that sum appears on the books. While the defendant, in a general way, testified to payments, yet he gave no date or sum, except to those for which he was given credit.

There are errors in the entries on the books, but they are trivial in amount, are palpable, and evidently unintentionally made.   The referee in his opinion states that the defendant "probably * * * owes the plaintiff something," but he is not able to ascertain the amount. It seems to us, on the evidence appearing in the record, the balance can be ascertained and credit given to the defendant for everything to which he is entitled.   The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, on the facts, with costs to the appellant to abide event.   All concur.